# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| BILLY CRUSENBERRY, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Defendant Hartford Life and Accident Insurance Company ("Hartford" or "Defendant") hereby files this Notice of Removal of this case from the Circuit Court of Davidson County, Tennessee, where it is currently pending as Case Number 12C3975, to the United States District Court for the Middle District of Tennessee. This cause is removable pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Defendant respectfully shows the Court as follows:

1. Plaintiff Billy Crusenberry instituted a civil action against Hartford in the Circuit Court of Davidson County, Tennessee on October 3, 2012. A true and correct copy of all process, pleadings, and orders served upon Hartford is attached hereto as Exhibit "A" and is incorporated herein by reference.

2. This action could have been originally filed in this Court pursuant to 28 U.S.C. §§ 1332 and 1367, as Plaintiff and Defendant are completely diverse, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

3. This Notice of Removal is filed within thirty (30) days after receipt by Defendant

1

of the initial pleading on which the aforesaid action is based pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).

4. The United States District Court for the Middle District of Tennessee is the federal judicial district embracing the Circuit Court of Davidson County, Tennessee, where this suit was originally filed. Venue is therefore proper under 28 U.S.C. §§ 81(b)(1) and 1441(a).

## DIVERSITY OF CITIZENSHIP

5. Upon information and belief, Plaintiff Billy Crusenberry is a resident and citizen of White House, Tennessee.

6. Defendant Hartford is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Hartford, Connecticut. Pursuant to 28 U.S.C. § 1332(c)(1), Hartford is a citizen of the State of Connecticut. Hartford is not now, and was not at the time of the filing of the petition, a citizen or resident of the State of Tennessee within the meaning of the Acts of Congress relating to the removal of causes of action.

7. Accordingly, there is complete diversity of citizenship because Plaintiff is a resident of Tennessee and no defendant in this case is a resident of Tennessee.

## AMOUNT IN CONTROVERSY

8. Plaintiff's Complaint seeks compensatory and statutory damages relating to the alleged improper failure to pay benefits under an insurance policy. Plaintiff claims breach of contract against Hartford, as well as violations of the Tennessee Consumer Protection Act, Tennessee Code § 47-18-101 ("TCPA"), and bad faith failure to pay claims under Tennessee Code § 56-7-105(a).

9. In order to meet the jurisdictional threshold in this case, Defendant need show only that the amount in controversy "more likely than not" exceeds the jurisdictional requirement

of $75,000. *See Williamson v. Aetna*, 481 F.3d 369 (6th Cir. 2006) (finding claims removable when it was more likely than not that potential cost of state claims to defendant would exceed $75,000). In this case, Defendant can remove to federal court if it can show, by a preponderance of the evidence, facts supporting jurisdiction.

10. Hartford denies that it breached the disability policy at issue and further denies any conduct that would trigger liability under the Tennessee bad faith statute or TCPA. Nonetheless, in evaluating whether subject matter jurisdiction exists for the purposes of removal, the Court need only look to what amount is "in controversy."

11. On its face, Plaintiff's Complaint clearly seeks well over $75,000. Indeed, Plaintiff specifically alleges $58,500 in compensatory damages, $175,500 in statutory damages under the TCPA, $14,624 in statutory damages under Tennessee's bad faith statute, and attorney fees. (Compl. ¶¶ 30, 31, 36, 38, 40).

12. As noted above, Plaintiff seeks attorney fees under Tennessee's bad faith statute, and such fees are to be considered in determining whether state law claims under the statute satisfy the amount in controversy requirement for removal. *See Williamson*, 481 F.3d at 376-377. Given the non-ERISA nature of this case and the fact that the parties could engage in bad faith discovery, attorneys' fees would likely amount to thousands of dollars and, together with the specifically alleged damages in the Complaint, "more likely than not" satisfy the amount in controversy requirement. Accordingly, the jurisdictional threshold is clearly met in this case.

## MISCELLANEOUS

13. A copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Davidson County, Tennessee, as provided by law, and written notice is being sent to Plaintiff's counsel.

14. Defendant has not sought similar relief.

15. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

16. The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Middle District of Tennessee.

17. All properly joined and served defendants join in and consent to removal of this case to the United States District Court for the Middle District of Tennessee, and this cause is removable to the United States District Court for the Middle District of Tennessee.

18. If any question arises as to the propriety of this removal, Defendant respectfully requests the opportunity to present a brief and argument in support of its position.

**WHEREFORE, PREMISES CONSIDERED,** Defendant Hartford Life and Accident Insurance Company, by and through its counsel, prays that the above action currently pending against it in the Circuit Court of Davidson County, Tennessee, be removed therefrom to this Court.

Respectfully submitted this 9th day of November, 2012.

*Marty Cook* adg
Marshall T. Cook, BPR #20028
Bone, McAllester & Norton, PLLC
131 Saundersville Road, Suite 130
Hendersonville, TN 37075
(615) 780-7975

William B. Wahlheim, Jr.
Grace Robinson Murphy
Andrea D. Germany
Maynard, Cooper & Gale, P.C.
2400 Regions/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
(205) 254-1000

Attorneys for Defendant Hartford Life and Accident Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal has been served upon the following counsel of record to this proceeding by placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid this 9th day of November, 2012:

Peter T. Skeie
315 Deaderick Street, Suite 1220
Nashville, TN 37238

*Marty Cook* adg
OF COUNSEL