# Exhibit A

Copy

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**Jerald.E.Gilbert@tn.gov**

October 15, 2012

Hartford Life & Accident Ins Co       Certified Mail
2908 Poston Avenue, % C S C       Return Receipt Requested
Nashville, TN 37203       7011 2970 0003 4364 5455
NAIC # 70815       Cashier # 5695

Re:    Billy Crusenberry   V.   Hartford Life & Accident Ins Co

      Docket # 12C3975

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served October 15, 2012, on your behalf in connection with the above-styled proceeding. Documentation relating to the subject is herein enclosed.

Jerald E. Gilbert
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
     Davidson County
     1 Public Square, Room 302
     Nashville, Tn 37219-6303

Copy

| CIRCUIT COURT SUMMONS | NASHVILLE, TENNESSEE |

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20TH JUDICIAL DISTRICT

[x] First
[ ] Alias
[ ] Pluries

Billy Crusenberry

CIVIL ACTION DOCKET NO. __12C3975__

Plaintiff

**Method of Service:**
[ ] Davidson County Sheriff
[ ] Out of County Sheriff

Vs.

Hartford Life and Accident Insurance Company

[ ] Secretary of State
[ ] Certified Mail
[ ] Personal Service
[x] Commissioner of Insurance

Defendant

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: __October 3, 2012__

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Peter T. Skeie |
| --- | --- |
| | 315 Deaderick Street, Suite 1220 |
| | Address |
| | Nashville, TN 37238, Telephone: 615-313-9111 |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

RICHARD R. ROOKER
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

_____
SHERIFF

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.



## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____ OCT 1 2 2012 _____, 20_____, I:

[ ] served this summons and complaint/petition on _____ in the following manner:

SERVED BY LEAVING COPY
W/COMM. OF INS.

[ ] failed to serve this summons within 90 days after its issuance because _____

_____ Susana Herrera _____
Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20_____ I sent, postage-prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Docket No. _____ to the defendant, _____. On the _____ day of _____, 20_____, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20_____. Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS
_____ DAY OF _____, 20_____.

PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON
AUTHORIZED BY STATUTE TO SERVE PROCESS

_____ NOTARY PUBLIC or _____ DEPUTY CLERK
MY COMMISSION EXPIRES: _____

## NOTICE

**TO THE DEFENDANT(S):**

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF DAVIDSON

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

RICHARD R. ROOKER, CLERK

(To be completed only if
copy certification required.)

By: _____ D.C.

Copy
190867

IN THE CIRCUIT COURT
FOR DAVIDSON COUNTY, TENNESSEE

FILED
2012 OCT -3 AM 10: 40
RICHARD R. ROOKER, CLERK

Billy Crusenberry, )
    Plaintiff, )
)
v. ) No. _____ D.C.
) 12C5975
Hartford Life and Accident Insurance ) Jury Demand (12)
Company, )
    Defendant. )

### Complaint

1. Plaintiff, Billy Crusenberry ("Crusenberry") complains that Hartford Life and Accident Insurance Company ("Hartford") wrongfully denied his claim for long-term disability benefits.

2. Crusenberry complains that Hartford based its denial of Crusenberry's claim on false allegations of fact and on a misleading interpretation of its policy in violation of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101 *et seq.*

3. Crusenberry complains that Hartford denied his claim in bad faith and in violation of Tenn. Code Ann. § 56-7-105(a).

### Jurisdiction and Venue

4. Crusenberry's claims arise under Tennessee statutory and common law. Hartford transacts the business of insurance within Davidson County, Tennessee. Accordingly, this Court has jurisdiction over this matter.

5. Hartford is supervised and regulated by the Tennessee Department of Commerce and Insurance, Insurance Division, 500 James Robertson Pkwy. Nashville, TN 37243-



0565. Accordingly, this court is a proper venue for this matter pursuant to 47-18-109(a)(2).

### Allegations of Fact

6. Crusenberry worked for The City of White House as the Director of Waste Water Management until October 2011.

7. Crusenberry was insured under a group long-term disability policy ("the policy") as an incident of his employment.

8. Hartford issued the policy and was financially liable for claims.

9. On or about September 22, 2011, Crusenberry informed The City of White House that he would have to resign due to the disabling impact of his severe cardiac condition.

10. Crusenberry and The City of White House agreed that he would stay on the job for two weeks to coordinate the transfer of his responsibilities to a new manager.

11. Crusenberry and The City of White House also agreed that his last formal day of employment would be October 12, 2011 to assure continuous medical insurance coverage while he enrolled in his wife's employer's medical insurance plan.

12. Crusenberry was told not to submit a medical report of disability until October 6, 2011 because the City of White House would not be able to permit him to work after it received such a report due to the risk of liability.

13. On October 6, 2011, Crusenberry submitted an Attending Physician's Report of Disability to the City of White House.

14. October 6, 2011 was the last day that Crusenberry reported to work as the Director of Waste Water Management.

2

Copy

15. Prior to and on October 6, 2011 The City of White House accommodated Crusenberry's severe cardiac condition by permitting him to rest as needed on a couch that it had provided to him in his office.

16. Crusenberry was not able to perform the essential duties of his job while resting on the couch that The City of White House had provided to him.

17. Prior to and on October 6, 2011 The City of White House accommodated Crusenberry's severe cardiac condition by providing him with a driver to take him to his office, to water treatment facilities and other sites, to meetings, and back home.

18. Coming to work, visiting water treatment facilities and other sites, and attending meetings were essential duties of his job.

19. On November 8, 2011, Crusenberry formally applied to Hartford for disability benefits under the Plan.

20. On October 12, 2011, The City of White House formally terminated Crusenberry's employment.

21. On February 20, 2012, Hartford denied Crusenberry's claim because Hartford concluded that Crusenberry had become disabled on October 13, 2011 while his coverage terminated on October 12, 2011.

22. Crusenberry did not suffer any medical events or physical injuries between October 12, 2011 and October 13, 2011 or between October 6, 2011 and October 13, 2011.

23. On April 17, 2012 Crusenberry appealed Hartford's denial.

3

Copy

24. On May 10, 2012, Hartford reaffirmed its previous allegation that Crusenberry had become disabled on October 13, 2011 and that he was not eligible for benefits because his coverage terminated on October 12, 2011.

25. Hartford's May 10, 2012 denial falsely alleged that Crusenberry was "performing his full duties with no restrictions" on October 12, 2012.

26. Hartford knew that this statement was not true because on November 1, 2011 The City of White House told Hartford that it had provided Crusenberry with accommodations prior to his termination.

27. Hartford elected not to consider Crusenberry as "disabled and working" prior to October 12, 2011 even though a Hartford claims examiner recommended this mode of analysis for Crusenberry's claim.

28. Hartford never told Crusenberry that he might qualify for benefits based on a disabled and working analysis or gave him an opportunity to present his claim as based on this mode of analysis.

29. Crusenberry has been approved for Social Security and Tennessee Consolidated Retirement System disability benefits.

30. After offsets for Crusenberry's Social Security and Tennessee Consolidated Retirement System disability benefits, Crusenberry's insured benefit under Hartford's policy should pay about $394.10 per month, or very close thereto.

31. The present value of Crusenberry's benefit is approximately $58,500, or very close they're to.

32. Crusenberry has experienced financial hardship and distress as a result of Hartford's wrongful denial of his claim for long-term disability benefits.

4



### Liability and Damages

**Hartford denied Crusenberry's claim in violation of the terms of its policy.**

33. Hartford's policy covers all "active employees." Hartford's policy defines an active employee as an "employee who works for the Employer on a regular basis in the usual course of the Employer's business." Crusenberry was an active employee on October 12, 2011. Crusenberry resigned effective October 12, 2011 because he was no longer able to work. Consequently, Crusenberry was not scheduled to work on October 13, 2012. Hartford's policy provides, "We will consider you actively at work on a day that is not a scheduled work day only if you were actively at work on the preceding scheduled work day." This provision covers Crusenberry's situation exactly, *i.e.*, where and employee resigns because he is no longer able to work. Accordingly, Hartford wrongfully denied Crusenberry's claim for benefits.

34. In the alternative, Crursenberry was disabled and working prior to October 13, 2011. Accordingly, Hartford wrongfully denied Crusenberry's claim for benefits.

35. In the alternative, Crusenberry was disabled on October 12, 2011 when his status as an employee of The City of White House terminated. Accordingly, Hartford wrongfully denied Crusenberry's claim for benefits.

36. Crusenberry seeks a judgment finding that Hartford wrongfully denied his claim for long-term disability benefits and ordering Hartford to issue payment of benefits, payment of back benefits, and payment of interest on back benefits.

**Hartford denied Crusenberry's Claim in violation of the Tennessee Consumer Protection Act**

Copy

37. Hartford used false allegations of fact and misleading conduct to justify its denial of Crusenberry's claim. For example, contrary to Hartford's representations, Crusenberry's application for benefits did not state that he was disabled on October 13, 2011. Hartford knew that The City of White House was providing accommodations to Crusenberry prior to his resignation. Hartford elected not to consider Crusenberry as "disabled and working" prior to October 12, 2011 even though a Hartford claims examiner recommended this mode of analysis for Crusenberry's claim. Hartford never told Crusenberry that he might qualify for benefits based on a disabled and working analysis or gave him an opportunity to present his claim as based on this mode of analysis. And Hartford used a misleading interpretation of its policy to deny Crusenberry's claim. Accordingly, Hartford denied Crusenberry's claim in violation of the Tennessee Consumer Protection Act.

38. Crusenberry seeks a judgment finding that Hartford denied his claim in violation of the Tennessee Consumer Protection Act and an award of $175,500, attorney fees, and costs pursuant to Tenn. Code Ann. § 47-18-109.

**Hartford Denied Crusenberry's Claim in Bad Faith**

39. Hartford used false allegations of fact and misleading conduct to justify its denial of Crusenberry's claim. For example, contrary to Hartford's representations, Crusenberry's application for benefits did not state that he was disabled on October 13, 2011. Hartford knew that The City of White House was providing accommodations to Crusenberry prior to his resignation. Hartford elected not to consider Crusenberry as "disabled and working" prior to October 12, 2011 even though a Hartford claims examiner recommended this mode of analysis for Crusenberry's claim. Hartford never

6

Copy

told Crusenberry that he might qualify for benefits based on a disabled and working analysis or gave him an opportunity to present his claim as based on this mode of analysis. And Hartford used a misleading interpretation of its policy to deny Crusenberry's claim. Hartford failed to timely pay Crusenberry's claim. Accordingly, Hartford denied Crusenberry's claim in bad faith.

40. Crusenberry seeks a judgment finding that that Hartford denied his claim in bad faith in violation of Tenn. Code Ann. § 56-7-105(a) and an award of $14,624 dollars, attorney fees, and costs.

Dated: October 2, 2012

Respectfully submitted,

s/Peter T. Skeie
Peter T. Skeie, # 021006
315 Deaderick Street, Suite 1220
Nashville, TN 37238

7

**Davidson County**
P.O. Box 196303
Nashville, Tennessee 37219-6303



**RICHARD R. ROOKER**
Circuit Court Clerk
1 Public Square, Room 302
615-862-5181
circuitclerk.nashville.gov

12C-3975

October 4, 2012

Tennessee Division of Consumer Affairs
500 James Robertson Parkway, Fifth Floor
Nashville, TN 37219

                                            RE: Billy Crusenberry
                                                vs.      Docket No. 12C-3975
                                                Hartford Life and Accident
                                                Insurance Company

Dear Sirs:

In accordance with T.C.A. §47-18-109, this is your notice that the above styled Consumer Protection Act Complaint has been filed in the Circuit Court of Davidson County, Tennessee. The enclosed Complaint was filed in our office on October 3, 2012, and has been assigned to the Sixth Circuit Court for disposition.

                                                       Sincerely,

                                                       Richard R. Rooker

RRR/cgf

Enclosure



## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____ **OCT 1 2 2012** 20_____, I:

☐ served this summons and complaint/petition on _____ in the following manner:

SERVED BY LEAVING COPY
W/COMM. OF INS.

☐ failed to serve this summons within 90 days after its issuance because _____

_____
Susana Herrera
Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20_____ I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Docket No. _____ to the defendant, _____. On the _____ day of _____, 20_____, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20_____. Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS
_____ DAY OF _____, 20_____.

_____
_____ NOTARY PUBLIC or _____ DEPUTY CLERK
MY COMMISSION EXPIRES: _____

PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON AUTHORIZED BY STATUTE TO SERVE PROCESS

## NOTICE

TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF DAVIDSON

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

RICHARD R. ROOKER, CLERK

(To be completed only if copy certification required.)

By: _____ D.C.



| CIRCUIT COURT SUMMONS | | NASHVILLE, TENNESSEE |
|---|---|---|

**STATE OF TENNESSEE**
**DAVIDSON COUNTY**
**20TH JUDICIAL DISTRICT**

2012 OCT -3 AM 10: 10
RICHARD R. ROOKER, CLERK
Billy Crusenberry D.C.

[X] First
[ ] Alias
[ ] Pluries

Plaintiff: (blank)

Vs.

Defendant: Hartford Life and Accident Insurance Company

CIVIL ACTION DOCKET NO. 12C3975

**Method of Service:**
[ ] Davidson County Sheriff
[ ] Out of County Sheriff
[ ] Secretary of State
[ ] Certified Mail
[ ] Personal Service
[X] Commissioner of Insurance  $15

DI  W/c

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: October 3, 2012

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

By: _____ Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Peter T. Skeie |
|---|---|
| | 315 Deaderick Street, Suite 1220 |
| | Nashville, TN 37238, Telephone: 615-313-9111 |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this summons for service this __10__ day of __3__, 20__12__

SHERIFF

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.



| CIRCUIT COURT SUMMONS | NASHVILLE, TENNESSEE |

**STATE OF TENNESSEE**
**DAVIDSON COUNTY**
**20TH JUDICIAL DISTRICT**

2012 OCT -3 AM 10:10
RICHARD R. ROOKER, CLERK

☒ First
☐ Alias
☐ Pluries

Billy Crusenberry

CIVIL ACTION DOCKET NO. 12C3975

Plaintiff

Vs.

Hartford Life and Accident Insurance Company

Defendant

**Method of Service:**
☐ Davidson County Sheriff
☐ Out of County Sheriff
☐ Secretary of State
☐ Certified Mail
☐ Personal Service
☒ Commissioner of Insurance  $15

D1 W/c

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: October 3, 2012

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

By: _____ Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Peter T. Skeie |
| | 315 Deaderick Street, Suite 1220 |
| | Nashville, TN 37238, Telephone: 615-313-9111 |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

**SHERIFF**

♿ To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.